UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOGAN OST,

    Plaintiff,

v.

ALLEGANY COUNTY, OFFICER CHAD GREEN, DA MICHAEL FINN, KEITH SLEP, CATTARAUGUS COUNTY AND OLEAN POLICE OFFICER (ID No. 01E15),

    Defendants.

17-CV-847V

ORDER

    The *pro se* plaintiff, Logan Ost, is a prisoner confined at the Greene Correctional Facility. He brings this *pro se* action seeking relief under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his arrest and criminal prosecution and seeking $2,000,000.00 in money damages. Docket Item 1. He also has filed a motion for leave to proceed *in forma pauperis*. Docket Item 5.

    This Court finds that the plaintiff has met the statutory requirements to proceed *in forma pauperis* under to 28 U.S.C. § 1915(a) and has submitted the required authorization. His request to proceed *in forma pauperis* therefore is granted. The Court therefore evaluates the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and finds that the complaint must be dismissed because it fails to state a claim upon which relief may be granted.

## **DISCUSSION**

I.   **LEGAL STANDARD**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Section 1915A(b) provides that the Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if, at any time, the Court determines that the action (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks and citation omitted).  Leave to amend pleadings is properly denied, however, where amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997).  To establish liability against an official under this section, a plaintiff must allege

the official's personal involvement in the alleged constitutional violation. *See Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). "Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient, and supervisors cannot be held liable based solely on the alleged misconduct of their subordinates." *Holland v. City of New York*, 197 F. Supp. 3d 529, 550 (S.D.N.Y. 2016) (internal quotation marks omitted). As for supervisory officials, it is not enough to assert that the defendant is merely "link[ed] in the prison chain of command" and rest on the theory of *respondeat superior*. *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *see, e.g.*, *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

## II. THE COMPLAINT

Ost has sued Allegany and Cattaraugus Counties, Officer Chad Green, Allegany County District Attorney Keith Slep, Allegany County Assistant District Attorney Michael Finn, and an Olean police officer identified as No. 01E15 ("Officer No. 01E15"). He asserts claims of false arrest and malicious prosecution. Giving the complaint the liberal reading to which it is entitled, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), the plaintiff tells the following story.

In March 2016, Ost was arrested by Officer Green of the Wellsville Police Department on "two bogus warrants" related to a case for which he was "already sentence to a violation [and] paid a fine owed to the court." Docket Item 1 at 9. As a result, Ost "had" to be released by DA Finn and Wellsville Town Justice O'Connor because of "due process violations and [his] false arrest." *Id.* Nevertheless, he was "re-arrested" after his release from the Allegany County Jail and subjected to constitutional violations related to "mistak[en] identity, [the] right[] to not self-incriminate, and his equal

3

p[rot]ection "rights." *Id.* at 10. Moreover, Ost asserts that he was singled out "for harsh treatment" once "Defendants learned that they had falsely arrested, jailed and maliciously prosecuted" him. *Id.*

## III. THE CLAIMS

### A. County and Official Capacity Claims

#### 1. *Monell*

As an initial matter, Ost's claims against Allegany and Cattaraugus Counties and the other defendants in their official capacities must be dismissed. Municipalities are not subject to § 1983 liability based on their employees' conduct unless the challenged action was performed pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 121 (1992). Ost does not allege any municipal policy, persistent custom, or widespread practice sufficient to impose liability under *Monell*. Moreover, the complaint includes no allegations that Cattaraugus County was involved in, or ever connected to, the claims asserted in this action. Consequently, the plaintiff's claims against Allegany and Cattaraugus Counties, along with those against Officer Green and Officer No. 01E15 in their official capacities as municipal employees, are dismissed. Nevertheless, in light of Ost's *pro se* status, he is granted leave to amend the pleadings to allege a municipal policy or any connection with Cattaraugus County, should one exist.

#### 2. Eleventh Amendment

The Eleventh Amendment precludes claims for money damages against a state official acting in his or her official capacity unless the state has consented to the suit, the

4

state has waived immunity, or Congress has abrogated immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.") (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Therefore, Ost's official capacity claims against DA Slep and ADA Finn—both acting in their official capacity— are dismissed. Moreover, the dismissal is with prejudice because any attempt to amend these claims would be futile. *See Cuoco*, 222 F.3d at 112.

### B. Claims Against Prosecutors

There are other reasons why the claims against the two prosecutors are subject to dismissal. First, Ost has failed to allege the personal involvement of District Attorney Slep, a supervisory defendant against whom no factual allegations are made. Even more basically, to the extent that Ost's claims relate to the traditional prosecutorial activities of Slep and Finn, those defendants are entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation." *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986) (citing *Lee v. Willins*, 617 F.2d 320 (2d Cir.), *cert. denied*, 449 U.S. 861 (1980). Because the plaintiff's sparse allegations fail to state the basis of his claims against prosecutors Slep and Finn, the Court cannot determine, for purposes of initial review, whether those claims relate to their traditional prosecutorial activities. For that reason, and in light of the plaintiff's *pro se* status, he is granted leave to amend the claims to

state any viable claims he may have against Slep and Finn in their individual capacities for conduct that is not a traditional prosecutorial activity.

### C. False Arrest and Malicious Prosecution Claims

A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification. *See, e.g., Broughton v. State*, 37 N.Y.2d 451, 456 (1975). Because the "existence of probable cause gives an officer the privilege to arrest[,] [probable cause] 'is a complete defense to an action for false arrest.'" *Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). The complaint here does not state the nature of the underlying charges against the plaintiff, nor does it provide the alleged basis of his arrest. The plaintiff's allegations are therefore subject to dismissal because they are wholly conclusory.

To state a cognizable claim for malicious prosecution, a plaintiff must allege that the defendants "maliciously commenced or continued" a criminal proceeding against him, that the proceeding terminated in the plaintiff's favor, and "that there was no probable cause for the proceeding." *Marshall*, 105 F.3d at 50. Ost's malicious prosecution claims are subject to dismissal both because they are wholly conclusory and because he does not allege how the criminal proceedings were resolved—let alone that they terminated in his favor.

Because Ost is proceeding *pro se*, however, he is given leave to amend his false arrest and malicious prosecution claims in light of the above.

6

### D. Equal Protection

Ost alleges that he was singled out and received harsh treatment, but he does not state any facts supporting that bald assertion and therefore has not pleaded a cognizable equal protection claim. Moreover, Ost does not allege that he is a member of a protected class and treated differently for that reason or raise any plausible suggestion that he was treated differently from similarly-situated individuals under a "class-of-one" theory. *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (holding that the plaintiff must establish that (1) no rational person could regard the circumstances of the plaintiff to differ from another to a degree that would justify different treatment on the basis of a legitimate government policy, and (2) the similarity in circumstances and difference in treatment are sufficient to conclude that the defendants did not so act by mistake). Again, because of Ost's *pro se* status, however, he will be given leave to amend his equal protection claim.

## **CONCLUSION**

Because the plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization, his request to proceed *in forma pauperis* is granted. The plaintiff's claims for damages against Slep and Finn, in their official capacities, are dismissed with prejudice. The plaintiff's remaining claims will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless, no later than June 5, 2019, he files an amended complaint in which he includes the necessary allegations, as outlined above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Ost is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, an amended complaint **must include all the allegations against each defendant** so that the amended complaint may stand alone as the sole complaint that the defendants must answer in this action.

If Ost does not file an amended complaint by June 5, 2019, his action will be dismissed without further order of the Court.

### **ORDER**

IT IS HEREBY ORDERED that the plaintiff's motion to proceed *in forma pauperis* is granted; and it is further

ORDERED that the plaintiff's claims for money damages against Slep and Finn, in their official capacities, are dismissed with prejudice; and it is further

ORDERED that the Clerk of Court shall send Ost with this order a copy of the complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if the plaintiff does not file an amended complaint as directed above, the complaint will be dismissed without further order; and it is further

ORDERED that if the complaint is dismissed because an amended complaint was not filed, the Clerk of Court shall close this case as dismissed without further order; and it is further

ORDERED that if the complaint is dismissed because an amended complaint was not filed, Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal

from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: April 6, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE